GREGORY S. WESTON
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006

**Plaintiff**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY WESTON,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH LEFITI, MINELLA LAW GROUP, APC, and KATHY MINELLA,<br><br>Defendants. | Case No: '23CV0896 L DDL<br><br>**COMPLAINT FOR:**<br><br>**INVASION OF PRIVACY IN VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT, CAL. PENAL CODE § 637;**<br><br>**INTRUSION UPON SECLUSION;**<br><br>**INVASION OF PRIVACY IN VIOLATION OF THE CALIFORNIA CONSTITUTION;**<br><br>**VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2510 *et seq.*;**<br><br>**AIDING AND ABETTING; AND**<br><br>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

# TABLE OF CONTENTS


I. Jurisdiction and Venue .......... 1
II. Parties .......... 1
III. Statement of Facts .......... 2
First Cause of Action .......... 5
Second Cause of Action .......... 8
Third Cause of Action .......... 8
Fourth Cause of Action .......... 9
Fifth Cause of Action .......... 10
Sixth Cause of Action .......... 10
IV. Prayer for Relief .......... 12
V. No Jury Demand .......... 12

Plaintiff Gregory Weston hereby sues Defendants Minella Law Group, APC ("MLG"), Elizabeth Lefiti, and Kathy Minella (collectively "Defendants"), and alleges as follows:

## I. JURISDICTION AND VENUE

1. The Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331 because the original claim in this civil action arises under the Constitution, laws, or treaties of the United States, specifically 18 U.S.C. § 2510 et seq.

2. This Court has supplemental jurisdiction over the additional claims that do not arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1367 because the additional claims are substantially related to the original claim.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff suffered injuries as a result of Defendants' acts in this District; the acts giving rise to this action occurred in this District; and Defendants: (1) are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District, and (2) are subject to personal jurisdiction in this District.

## II. PARTIES

4. Plaintiff Gregory Weston is a citizen of California residing in San Diego County.

5. Defendant Minella Law Group ("MLG") is incorporated in California with its principal place of business in San Diego.

6. Defendant Kathy Minella is a citizen of California and is the principal attorney at MLG.

7. Defendant Elizabeth Lefiti is a citizen of California and is an associate attorney at MLG.

8. At all relevant times, each Defendant aided and abetted the other Defendants in the unlawful conduct described herein.

## III. STATEMENT OF FACTS

9. In 2022 Plaintiff Weston filed a custody action in San Diego involving his minor son, with his son's mother, Hannah Voigt, the respondent. Defendants were retained by Voigt in the case.

10. On October 23, 2022, at 11:28 a.m., Voigt used her iPad (8th Generation) as a recording device to record a telephone call between herself and Plaintiff Weston.

11. Defendants Lefiti, Minella, and MLG instructed Voigt to make such a recording with actual knowledge that doing so would be illegal.

12. Defendants told Voigt specifically what to try to get Plaintiff to say in the wiretapped call in order to use the call against him in subsequent child support and custody proceedings.

13. Voigt does not have legal training and followed the instructions of Defendants.

14. Voigt recorded the telephone call without Weston's knowledge or consent in violation of Cal. Penal Code §§ 631 and 632 and 18 U.S.C. § 2510 et seq.

15. Specifically, Voigt first began a video recording session with her iPad, and a few seconds later called Plaintiff, on speakerphone, with her iPhone 13 Pro Max.

16. At the outset of the recording, the video shows interior wall of the room Voigt was in and the top of her head.

17. The beginning of the recording includes the outgoing call ringtone after Voigt dialed Weston and before he answers. Next is the sound of Plaintiff Weston picking up and saying hello, and Voigt asking if he has time to talk.

18. On January 4, 2023, Voigt, relying on Defendants' previous instructions and plans, began distributing the illegal recording, including to Plaintiff's co-worker and two members of his family, thereby violating Penal Code § 637 and 18 U.S.C. § 2510, which prohibit the dissemination of illegal recordings.

19. On January 20, 2023, Dianne Gomez, a paralegal at MLG and acting on the

direct instructions of Defendants and within the scope of her employment from Defendants, sent an email to Weston and Lefiti attaching the illegal recording and stating that documents attaching the illegal recording and transcription of it and disclosing the contents of the illegal recording were "being filed on behalf of Ms. Voigt." A screenshot of the email is copied below:

**From:** Diane Gomez <diane@minellalawgroup.com>
**Sent:** Friday, January 20, 2023 2:06 PM
**To:** greg@westonfirm.com
**Cc:** Elizabeth Lefiti <elizabeth@minellalawgroup.com>
**Subject:** IRMO Weston v. Voigt

Dear Mr. Weston.

Attached hereto please find a copy of the following documents being filed on behalf of Ms. Voigt:

1. Response to Request for Domestic Violence Restraining Order;
2. Declaration in Opposition to Petitioner's Request for Domestic Violence Restraining Order;
3. Respondent's Notice of Intent to Lodge;
4. Respondent's Notice of Lodgment; and
5. Proof of Electronic Service.

Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact this office.

Sincerely,
Diane Gomez
Paralegal
Minella Law Group, APC
1450 Frazee Road, Suite 305
San Diego, CA 92108
www.minellalawgroup.com
619-289-7948

20. Also on January 20, 2023, Defendants violated Penal Code § 637 and 18 U.S.C. § 2510 by possessing the illegal recording,transcribing it, and filing it with the Court. Specifically, Defendants (1) transcribed the recording, (2) lodged a copy of the recording and a transcript of the recording, attaching them as Exhibit A to Voigt's Notice

of Lodging and (3) disclosed the content of the recording in Voigt's Response to Plaintiff Weston's Request for Domestic Violence Order.

21. The same day, Weston sent an email to Defendants Minella and Lefiti, also with a CC to their paralegal, stating:

> Your "exhibit a" filed today is an illegal recording of a telephone call which I did not consent to.
>
> Your client, under your advice, made this recording in violation of Cal. Penal Code. 636. She then e-mailed the recording to my co-worker in violation of CPC 637. You then violated 637 by placing the recording into evidence, even though you know such illegal recordings are not admissible.
>
> Please advise by close of business today if you will be (1) filing a motion to withdraw the exhibit (2) self-reporting your misconduct to the California Bar.

22. Lefiti and Minella did not respond to Weston's email.

23. Instead, during a January 30, 2023 hearing in the Custody Action, Ms. Lefiti questioned Weston about the illegal recording. The hearing was open to the public and broadcast on the Internet on a public Microsoft Teams videoconference.

24. On February 8, 2023, Lefiti and Minella again sought to introduce the illegal recording in the Custody Action, attaching it as Exhibit A to Respondent Voigt's Notice of Lodging in support of Ex Parte Application. Further, Defendants disclosed the contents of the illegal recording in Voigt's Declaration in support of Request for Order filed the same day.

25. Also on February 8, 2023, Diane Gomez, a paralegal at MLG and acting on the direct instructions of Defendants and within the scope of her employment from Defendants, sent an email attaching the recording in violation of Penal Code § 637:

**From:** Diane Gomez <diane@minellalawgroup.com>
**Sent:** Wednesday, February 8, 2023 1:38 PM
**To:** Gregory S. Weston <greg@westonfirm.com>
**Cc:** Elizabeth Lefiti <elizabeth@minellalawgroup.com>
**Subject:** IRMO Weston v. Voigt

Dear Mr. Weston

Attached hereto please find a copy of the following documents being filed on behalf of Ms. Voigt:

1. Ex Parte Application and Order;
2. Declaration Regarding Notice and Service of Request for Temporary Emergency Ex Parte Orders;
3. Temporary Emergency Ex Parte Orders;
4. Respondent's Declaration In Support of Ex Parte and Request for Order;
5. Request for Order;
6. FCS Screening Form;
7. Respondent's Declaration in Support of Request for Order;
8. Notice of Intent to Lodge;
9. Notice of Lodgment and Exhibits A-I; and
10. Proof of Electronic Service.

Sincerely,
Diane Gomez
Paralegal
Minella Law Group, APC
1450 Frazee Road, Suite 305
San Diego, CA 92108
www.minellalawgroup.com

26. The recording does not fall within any exception to state and federal wiretap rules, as it was not pursuant to a restraining order, Voigt was not seeking a restraining order, and it did not concern domestic violence or other violence.

## CAUSES OF ACTION

### First Cause of Action

### Violation of the California Invasion of Privacy Act

### Cal. Penal Code § 637

27. In this and every cause of action, Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

28. Pursuant to Cal. Penal Code § 637,

> Every person not a party to a telegraphic or telephonic communication who willfully discloses the contents of a telegraphic or telephonic message, or any

> part thereof, addressed to another person, without the permission of that person, unless directed so to do by the lawful order of a court, is punishable by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars ($5,000), or by both that fine and imprisonment.

29. Here, all Defendants repeatedly violated Cal. Penal Code § 637 as alleged herein.

30. Defendants conspired with Voigt to intentionally record a private telephone call between Voigt and Weston without Weston's consent.

31. Weston was not informed that he was being recorded and had a reasonable expectation that he was not being recorded.

32. The call was recorded without Weston's consent.

33. This would be highly offensive to any reasonable person.

34. Weston was harmed as a result of Defendants' intrusion.

35. Specifically, Ms. Voigt and Defendants sent the illegal recording to Weston's co-worker, Weston's parents, and MLG employees.

36. On January 20, 2023, Defendants violated Penal Code § 637 by possessing the illegal recording, transcribing it, and filing it. Specifically, Defendants (1) transcribed the recording, (2) lodged a copy of the recording and a transcript of the recording, attaching them as Exhibit A to Voigt's Notice of Lodging and (3) disclosed the contents of the recording in Voigt's Response to Weston's Request for Domestic Violence Order.

37. The same day, Weston emailed Defendants notifying them that the recording was illegal and demanded that they withdraw the illegal recording and the transcription of the recording from evidence.

38. Defendants ignored Weston's email, declined to withdraw the evidence, and instead questioned Weston about the illegal recording during January 30, 2023 hearing, which was open to the public and broadcast on the Internet on a public Microsoft Teams videoconference.

39. On February 8, 2023, Lefiti and Minella again submitted the illegal recording into evidence in the Custody Action. The illegal recording was attached as Exhibit A to Respondent's Notice of Lodging in support of Ex Parte Application and Request for Order. Further, Defendants disclosed the contents of the illegal recording in Voigt's Declaration in support of Request for Order filed the same day.

40. Also on February 8, 2023, Diane Gomez, a paralegal at MLG and acting on the direct instructions of Defendants and within the scope of her employment from Defendants, sent an email attaching the recording in violation of Penal Code § 637:

**From:** Diane Gomez <diane@minellalawgroup.com>
**Sent:** Wednesday, February 8, 2023 1:38 PM
**To:** Gregory S. Weston <greg@westonfirm.com>
**Cc:** Elizabeth Lefiti <elizabeth@minellalawgroup.com>
**Subject:** IRMO Weston v. Voigt

Dear Mr. Weston

Attached hereto please find a copy of the following documents being filed on behalf of Ms. Voigt:

1. Ex Parte Application and Order;
2. Declaration Regarding Notice and Service of Request for Temporary Emergency Ex Parte Orders;
3. Temporary Emergency Ex Parte Orders;
4. Respondent's Declaration In Support of Ex Parte and Request for Order;
5. Request for Order;
6. FCS Screening Form;
7. Respondent's Declaration in Support of Request for Order;
8. Notice of Intent to Lodge;
9. Notice of Lodgment and Exhibits A-I; and
10. Proof of Electronic Service.

Sincerely,
Diane Gomez
Paralegal
Minella Law Group, APC
1450 Frazee Road, Suite 305
San Diego, CA 92108
www.minellalawgroup.com

41. Defendants were a substantial factor in causing Weston's harm.

42. The violation of section 637 constitutes an invasion of privacy sufficient to

confer Article III standing.

43. Plaintiff seeks all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

**Second Cause of Action**

**Intrusion Upon Seclusion**

44. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

45. Defendants instructed their client, Hannah Voigt, to illegally record a telephone call with Plaintiff.

46. Defendants, by conspiring with Voigt to implement a wiretap on Weston, intentionally intruded upon the seclusion of Weston.

47. When Voigt called Weston on October 23, 2022, Weston had an objectively reasonable expectation of privacy.

48. Weston did not consent to the recording of his private telephone conversation.

49. Defendants conspired with Voigt to intentionally intrude on Weston's solitude and/or seclusion without consent. This would be highly offensive to any reasonable person.

50. Weston was harmed as a result of Defendants' intrusion.

**Third Cause of Action**

**Invasion of Privacy Under California's Constitution**

51. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

52. Plaintiff has an interest in (1) precluding the dissemination and/or misuse of his confidential telephone calls and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to the right to conduct confidential telephone calls without being subject to wiretaps.

53. By conspiring to illegally record a private telephone conversation between Weston and Voigt without Weston's consent as alleged herein, Defendants intentionally invaded Plaintiff's privacy rights under the California Constitution.

54. By disseminating a recording and transcription of the illegal recording as alleged herein, Defendants intentionally invaded Plaintiff's privacy rights under the California Constitution.

55. Plaintiff had reasonable expectations that his private telephone call would not be recorded and that the contents of his private telephone call would not be shared or disseminated.

56. Plaintiff did not consent to Defendants' illegal wiretap.

57. Plaintiff did not consent to Defendants' sharing and dissemination of his private phone call.

58. The invasion of privacy is serious in nature and impact.

59. This invasion of privacy alleged herein constitutes an egregious breach of the social norms underlying the privacy right.

60. Plaintiff seeks all relief available for invasion of privacy claims under the California Constitution.

## Fourth Cause of Action

**For the Interception and Disclosure of Wire, Oral, or Electronic Communications in Violation of the Federal Wiretap Act**

**18 U.S.C. § 2510, *et seq*.**

61. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

62. As alleged herein, Defendants conspired with their client, Hannah Voigt, to illegally record a private, confidential telephone conversation between Ms. Voigt and Plaintiff.

63. Plaintiff was not made aware that he was being recorded and never consented to being recorded.

64. Defendants stored the illegal recording at issue, shared it with MLG employees, who transcribed the illegal recording, and Defendants repeatedly disclosed the contents of Weston's private telephone call by submitting the recording and transcription

of the call into evidence in the custody case.

65. Weston suffered harm as a result of Defendants' conduct alleged herein.

66. Defendants' interception, dissemination, and disclosure of electronic communications sent between Plaintiff and Voigt was intentional, as alleged herein.

67. Defendants' conduct violated 18 U.S.C. § 2511 and therefore gives rise to a claim under 18 U.S.C. § 2520.

68. Pursuant to 18 U.S.C. § 2520, Plaintiff is entitled to the greater of actual damages or statutory damages or not less than $100 a day for each day of violation or $10,000, whichever is greater.

**<u>Fifth Cause of Action</u>**

**Aiding and Abetting**

69. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

70. All Defendants had knowledge of the facts and circumstances surrounding some or all of the illegally intercepted communications and their use as set forth herein, such that they had actual knowledge that the conduct of each of the Defendants was unlawful.

71. All Defendants knowingly gave substantial assistance or encouragement to each other in carrying out the unlawful interception, use, dissemination, and disclosure of the illegally intercepted communications alleged herein.

72. The unlawful interception and use of the illegally intercepted communications alleged herein has harmed Plaintiff by causing emotional distress and financial harm.

73. Plaintiff has been and continues to be damaged as a proximate result of the improper and unlawful interception and use of the illegally intercepted communications and other illegal acts alleged herein.

**<u>Sixth Cause of Action</u>**

**Intentional Infliction of Emotional Distress**

74. Plaintiff repeats the allegations contained in the foregoing paragraphs as if

fully set forth herein.

75. Defendants, by and through their: (i) illegal interception of Plaintiff's telephone (ii) dissemination of Plaintiff's private and intimate conversations to third parties; and (iii) use of the illegally intercepted communications in the Custody Action despite being informed that the recording was illegal, behaved intentionally and/or recklessly.

76. Defendants, by and through their: (i) illegal interception of Plaintiff's telephone call; (ii) dissemination of Plaintiff's private and intimate conversations to third parties; and (iii) use of the illegally intercepted communications in the Custody Action despite being informed that the recording was illegal, intended to cause severe emotional distress to Plaintiff by using his private communications to gain tactical, financial, and leverage advantages in the Custody Action.

77. The (i) illegal interception of Plaintiff's telephone call; (ii) dissemination of Plaintiff's private and intimate conversations to third parties; and (iii) use of the illegally intercepted communications in the Custody Action despite being informed that the recording was illegal was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

78. Further demonstrating that the conduct is so extreme as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community, are the additional facts that (i) Defendants were put on notice of the illegality of their actions, (ii) all Defendants were demanded to cease and desist, and (iii) all Defendants continued to act illegally and unethically. Defendants continued their illegal and improper use of the illegally intercepted communications in the Custody Action despite the notices and demands to stop such illegal and unethical actions.

79. Plaintiff suffered and continues to suffer severe and extreme emotional distress and emotional injury as a result of Defendants' conduct as alleged herein.

80. Plaintiff suffered and continues to suffer mental anguish as a result of

Defendants' illegal interceptions and dissemination of Plaintiff's telephone call despite Plaintiff's demands to cease and desist these illegal activities. Said mental anguish is of a nature that no reasonable person could be expected to endure.

81. Defendants' aforementioned actions were the direct and proximate cause of such severe emotional distress and emotional injury to Plaintiff.

## IV. PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

a. For an order confirming that Defendants' conduct violates the statutes referenced herein;

b. For an order finding in favor of Plaintiff on all counts asserted herein, and that Defendants are jointly and severally liable;

c. For compensatory damages to Plaintiff of $50,000, punitive damages of $150,000; statutory damages of $10,000 per violation and $100 per day, or such greater amounts to be determined at trial;

d. For prejudgment interest on all amounts awarded;

e. For an order requiring Defendants to refund, restore, and disgorge to Hannah Rae Voigt all legal fees she has paid them, upon information and belief about $28,000;

f. For injunctive relief as the Court may deem proper;

g. For an order awarding Plaintiff reasonable attorney fees and expenses and costs of suit; and

h. Such other and further relief as this Court may deem just, equitable or proper.

## V. NO JURY DEMAND

Plaintiff does not request a trial by jury.

DATED: May 16, 2023

Respectfully Submitted,



GREGORY S. WESTON
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:(619) 798-2006
Facsimile: (619) 343-2789

**Plaintiff**