UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WESTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH LEFITI, MINELLA LAW GROUP, APC, and KATHY MINELLA,<br><br>　　　　　　Defendants. | Case No. 23-cv-0896-L-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 20]** |

　　　　Pending before the Court is Defendant Elizabeth Lefiti, Defendant Minella Law Group, APC, and Defendant Kathy Minella's (collectively, "Defendants") motion to dismiss Plaintiff Gregory Weston's ("Plaintiff") amended complaint. (ECF No. 20.) Plaintiff opposed, (ECF no. 21), and Defendants replied, (ECF no. 22). The Court has jurisdiction pursuant to 28 U.S.C. §1331. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons stated below, Defendants' motion to dismiss is granted.

## I. BACKGROUND[1]

According to the allegations in the complaint, Plaintiff filed a custody action in San Diego against his son's mother, Hannah Voigt ("Voigt"). (ECF No. 19, at 3.) Voigt retained Defendants to represent her in the custody proceedings. (*Id.*) On October 23, 2022, Voigt used her iPad to record a phone call with Plaintiff. (*Id.* at 4) Plaintiff alleges that Defendants instructed Voigt to make the recording. (*Id.*) Further, Plaintiff alleges that Defendants scripted what Voigt should say, and that Defendants and Voigt did so with the intent to invade Plaintiff's privacy, to unlawfully extort money from him, to cause Plaintiff emotional distress, and to cause Plaintiff adverse publicity to interfere with current and prospective business relationships. (*Id.*)

Plaintiff originally brought six causes of action under both state and federal law. (ECF No. 1.) The Court previously dismissed the claim brought under the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* ("Federal Wiretap Act") and declined to exercise supplemental jurisdiction over the remaining state law claims. (ECF No. 18.)

Plaintiff now brings a single cause of action in their amended complaint: violation of interception and disclosure of wire, oral, or electronic communications in violation of the Federal Wiretap Act.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2] A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, plaintiffs must also plead "enough facts to state a claim to

---

[1] Reviewing Defendants' motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes them in the light most favorable to Plaintiff. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

[2] Unless stated otherwise, internal ellipses, brackets, citations, and quotation marks are omitted from citations.

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* "The district court's decision to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Work*, 635 F.3d 440, 454 (9th Cir. 2011).

### III. DISCUSSION

### A. Federal Wiretap Act

The Federal Wiretap Act prohibits the unauthorized *interception*, *disclosure*, and *use* of wire, oral, or electronic communications. 18 U.S.C § 2511(1)(a) (emphasis

added). Section 2520(a) provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation." 18 U.S.C. § 2520(a). This statute allows civil liability for only some of the proscribed activity in the entirety of the Federal Wiretap Act. *See* 18 U.S.C. § 2510 *et seq*.

Further, Section 2511(2)(d) provides an exception to the blanket prohibition on the unauthorized interception, disclosure, and use of wire, oral, or electronic communications:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or *where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act* in violation of the Constitution or laws of the United States or of any State.

18 U.S.C. § 2511(2)(d) (emphasis added). Therefore, if one of the parties to the communication consents to the interception, the interception is lawful unless the interception is for the purpose of committing a criminal or tortious act.

### B. Plaintiff's Claims

Plaintiff brings both interception and disclosure claims against Defendants. (ECF No. 19 at 9.) Plaintiff alleges that Defendants conspired with Voigt for her to record the conversation with Plaintiff. (*Id.*) Plaintiff alleges that Defendants conspired with Voigt for her to disclose the contents of the recording to his family and co-worker. (*Id.* at 6.) Further, Plaintiff alleges that Defendants themselves disclosed the recording amongst themselves and other members of their law firm, such as a paralegal, and disclosed the recording by either filing or lodging the recording with the family court in the underlying action. (*Id.* at 4-5.)

### C. Secondary Liability

Defendants argue that the interception of the recording and the disclosure to Plaintiff's family and co-worker is nonactionable because Section 2520(a) does not authorize secondary liability. According to Plaintiff's allegations, the recording was made by Voigt, and Voigt distributed the recording to two members of Plaintiff's family and a co-worker. (ECF No. 19 at 4.) Defendants argue they cannot be liable for Voight's conduct. (ECF No. 20 at 12-13.)

Plaintiff argues that his allegations of conspiracy between Defendants and Voigt are enough to sustain liability against Defendants as a primary offender of the Federal Wiretap Act. (ECF No. 21 at 22.) In support of this argument, Plaintiff relies on *Vera v. O'Keefe*, 791 F. Supp. 2d 959 (S.D. Cal. 2011). In *Vera*, this Court analyzed "principal" liability under California state law, finding California law specifically included aider and abettor and conspirator liability in its definition of principal liability absent the statute stating the contrary. *Id.* at 961.

*Vera* is inapplicable here, as Plaintiffs do not assert any claims under California law. Moreover, unlike the California statute, "when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abetters." *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182 (1994). This is because "Congress has not enacted a general civil aiding and abetting statute." *Id.*

The language of Section 2520(a) restricts proper defendants in a civil action for violations of Section 2511 to "the person or entity which engaged in that violation [of interception, disclosing, or using a communication]." Plaintiff does not allege that Defendants intercepted the communication, nor that they disclosed the communications to Plaintiff's family or co-worker. Therefore, Defendants cannot be liable under Section 2520(a) for the interception of the recording and the disclosure to Plaintiff's family and co-worker.

### D. Unlawful or Tortious Purpose

Plaintiff's amended complaint also fails for the reason this Court dismissed the initial complaint: Plaintiff failed to properly allege an independent criminal or tortious purpose for the recording. It is undisputed that Voigt, as the recorder, gave prior consent to the recording. Thus, Defendants can only be held liable if the recording was made "for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d).

Previously, Plaintiff alleged that Defendants, in instructing Voigt to make the recording, "told Voigt specifically what to try to get Plaintiff to say in the wiretapped call in order to use the call against him in subsequent child support and custody proceedings." (ECF No. 1, at 4.) This Court previously held that using a recording in child custody proceedings is not a criminal or tortious act, and so the exception to the one-party consent rule did not apply. (ECF No. 18, at 3).

In the amended complaint, Plaintiff added allegations of additional purposes for Voigt making the recording. Plaintiff alleged that Voigt made the recording with the intent to "invade Plaintiff's privacy, unlawfully extort money from him, to cause Plaintiff emotional distress, and to cause Plaintiff adverse publicity to interfere with current and prospective business relationships." (ECF No. 19, at 4.) Further, Plaintiff alleged that the recording had the criminal intent of violating Cal. Penal Code §§ 632 and 637, which prohibit recording or disclosing communications without the consent of all parties. (*Id.*)

To show that a recording was made with tortious or criminal purpose, Plaintiff must allege that the recorder of the conversation (here, Voigt), at the time of the recording had an independent prohibited purpose outside of the act of recording itself. *Sussman v. Am. Broad. Companies, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999). Under Section 2511, "the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Payne v. Norwest Corp.*, 911 F.Supp. 1299, 1304 (D.Mont.

1995), *aff'd in part and rev'd in part on other grounds*, 113 F.3d 1079 (9th Cir. 1997). "A recording has a criminal or tortious purpose under § 2511(1) when done for the purpose of facilitating some further impropriety, such as blackmail." *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1135 (9th Cir. 2022).

The allegations that the purpose of the recording was for the "extortion of money" and "adverse publicity to interfere with current and prospective business relationships" are not sufficient to allow the claim to proceed. While a well-plead claim of extortion of money or intentional interference with business relationships would be independent criminal or tortious purposes sufficient to sustain a civil action under § 2520(a), Plaintiff's conclusory allegations are insufficient. Other than the bare assertion that Voigt made the recording for the extortion of money and to cause adverse publicity, Plaintiff provides no facts or explanation beyond the recitation of the name of the torts. *See Ashcroft*, 556 U.S. at 678 ("a formulaic recitation of the elements of a cause of action," or "naked assertions' devoid of further factual enhancement" insufficient to state a claim.). For example, Plaintiff does not allege that Voigt or Defendants asked Plaintiff for money in exchange for non-disclosure, or that any of them attempted to publicize the recording. While the Court accepts as true all well-plead allegations, the Court need not accept bare recitations of law or conclusory statements. *See Pareto*, 139 F.3d at 699.

Violation of Plaintiff's right of privacy and infliction of emotional distress are not independent criminal or tortious purposes separate from the act of recording. In *Sussman*, despite the recording possibly being a tortious invasion of privacy under state law, the Court declined to find an independent criminal or tortious purpose. 186 F.3d at 1203. As the "criminal or tortious purpose must be separate and independent from the act of the recording," even if the act of recording itself is tortious, it cannot sustain the separate and independent purpose required under § 2511(2)(d). *See Planned Parenthood Fed'n of Am., Inc.*, 51 F.4th at 1136. Plaintiff's contention that the making of the recording was for the purpose of causing him emotional distress fails for

the same reason: even accepting this allegation as true, it is not a separate and independent purpose as required under § 2511(2)(d), if the making of the recording is what caused him emotional distress.

Plaintiff contends also that the creation of the recording was made with criminal intent due to it being in violation of Cal. Penal Code §§ 632 and 637.  Section 632 prohibits those who "intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication."  Section 637 prohibits the disclosure of a telegraphic or telephonic communication by any person not a party to the communication.  These statutes cannot make up the criminal intent required by § 2511(2)(d), as they proscribe the same conduct that is prohibited under the Federal Wire Tap Act.  Despite the conduct potentially violating a mirroring State law, this is not an appropriate criminal purpose, as "the focus is not upon whether the interception itself violated another law," *see Sussman*, 186 F.3d at 1203.

All of Plaintiff's proffered criminal or tortious purpose allegations fail. Plaintiff therefore does not meet the exception to the one-party consent rule. Thus, his interception claim under 18 U.S.C. § 2511(1)(a) fails.

**E. Intentional Disclosure of Recording**

Title 18 U.S.C. § 2511 also makes it illegal to:

> "intentionally disclose[] . . . to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection."

§ 2511(1)(c). A valid claim under § 2511(1)(c) is contingent on the original interception being unlawful. *Noel v. Hall*, 568 F.3d 743, 751 (9th Cir. 2009).  Because Plaintiff has not stated a claim for illegal interception, he cannot state a claim for illegal disclosure.

### F. Leave to Amend

Plaintiff's request for leave to amend is denied. While "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts," the Court does not need to do so when leave would be futile. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). The Court already gave Plaintiff leave to amend to allege a criminal or tortious intent, and he has again failed to adequately do so.[3] *See City of Los* Angeles, 635 F.3d at 454. ("The district court's decision to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss without leave to amend. Defendants' request for judicial notice is denied as moot.

**IT IS SO ORDERED.**

Dated: December 5, 2023

_____
Hon. M. James Lorenz
United States District Judge

---

[3] Here Plaintiff is proceeding pro se. However, Plaintiff is himself an attorney and therefore is not afforded the leniency in pleadings that is otherwise given to pro se parties. *See Huffman v. Lindgren*, 81 F.4th 1016, 1020 (9th Cir. 2023).